JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
JIM W. FANG
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>EMELIO VLADIMIR ROCHESTER,<br><br>　　　　　　　Defendant. | CASE NO:  2:21-cr-00293-CDS-NJK<br><br>AMENDED STIPULATION TO VACATE TRIAL DATE |

　　　　It is hereby stipulated and agreed, by and between Jason M. Frierson, United States Attorney, through Jim W. Fang, Assistant United States Attorney, and Daniel Hill, Esq., counsel for Defendant Emelio Vladimir Rochester, that the trial in the above-captioned matter, previously scheduled for September 26, 2022, at 9:00 a.m., be vacated.

　　　　This Stipulation is entered into for the following reasons:

　　　　1.　　　Trial in this matter is currently set for September 26, 2022.

　　　　2.　　　However, Pretrial Services have informed both the Court and the government that defendant no longer resides at the address provided to Pretrial Services and that defendant's current whereabouts are unknown. *See* ECF No. 87.

　　　　3.　　　Moreover, counsel for defendant has indicated that he has been unable to contact defendant, and that defendant's current whereabouts are also unknown to him. This is particularly relevant because the government was actively engaging in

plea negotiations with defense counsel, has provided a written plea offer, and gave affirmative deadlines for defendant to respond. Defense counsel was unable to respond to the government's offer because he could not contact defendant.

4. A warrant has been issued for defendant's arrest based on his absconding from pretrial supervision. ECF No. 88. The arrest warrant was forwarded to both the U.S. Marshals and the case agent, who are actively attempting to locate defendant. For example, the U.S. Marshals has visited his last known address, and was told by property management that he moved out as of July 31, 2022. The U.S. Marshals also received a tip that defendant might be living with another individual, but upon a visit to that address, they were informed that said individual has also moved out of her apartment. The U.S. Marshals are actively investigating other leads, but unfortunately, they have yet to ascertain defendant's whereabouts.

5. Under the Speedy Trial Act, Title 18, United States Code, Section 3161 et. seq., "[a]ny period of delay resulting from the absence or unavailability of the defendant" is excludable "in computing the time within which the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h)(3)(A). "[A] defendant . . . shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B). Here, defendant's whereabouts are unknown, and given the timing of his absconding, the violation of his release conditions, and that he has not been in contact with his own attorney, it is likely that his absence is an attempt to avoid prosecution, *i.e.*, his upcoming criminal trial. Moreover, the government is taking affirmative steps to locate defendant, but so far, those efforts have been unsuccessful.

6. As such, the parties respectfully request that the Court vacate the current trial date. After defendant is found and arrested, the parties will request a new trial date from the Court that gives the parties a reasonable opportunity to secure the availability of witnesses for the yet-to-be-determined trial date.

7. As stated above, the time between the currently scheduled date and the new trial date set upon defendant's apprehension is excludable in computing the time within which the trial must start under the Speedy Trial Act due to defendant's absence.

Dated this 20th day of September, 2022.

JASON M. FRIERSON
United States Attorney

By: s/ *Jim W. Fang*  
    JIM W. FANG  
    Assistant United States Attorney

By: s/ *Daniel Hill*  
    DANIEL HILL, ESQ.  
    Counsel for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CASE NO: 2:21-cr-00293-CDS-NJK |
| vs. | **ORDER** |
| EMELIO VLADIMIR ROCHESTER, | |
| Defendant. | |

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Trial in this matter is currently set for September 26, 2022.

2. However, Pretrial Services have informed both the Court and the government that defendant no longer resides at the address provided to Pretrial Services and that defendant's current whereabouts are unknown.

3. Moreover, counsel for defendant has indicated that he has been unable to contact defendant, and that defendant's current whereabouts are also unknown to him. This is particularly relevant because the government was actively engaging in plea negotiations with defense counsel, has provided a written plea offer, and gave affirmative deadlines for defendant to respond. Defense counsel was unable to respond to the government's offer because he could not contact defendant.

4. A warrant has been issued for defendant's arrest based on his absconding from pretrial supervision. ECF No. 88. The arrest warrant was forwarded to both the U.S. Marshals and the case agent, who are actively attempting to locate defendant. For example, the U.S. Marshals has visited his last known address, and was told by property management that he moved out as of July 31, 2022. The U.S. Marshals also received a tip that defendant

might be living with another individual, but upon a visit to that address, they were informed that said individual has also moved out of her apartment. The U.S. Marshals are actively investigating other leads, but unfortunately, they have yet to ascertain defendant's whereabouts.

5. Under the Speedy Trial Act, Title 18, United States Code, Section 3161 et. seq., "[a]ny period of delay resulting from the absence or unavailability of the defendant" is excludable "in computing the time within which the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h)(3)(A). "[A] defendant . . . shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B). Here, defendant's whereabouts are unknown, and given the timing of his absconding, the violation of his release conditions, and that he has not been in contact with his own attorney, it is likely that his absence is an attempt to avoid prosecution, *i.e.*, his upcoming criminal trial. Moreover, the government is taking affirmative steps to locate defendant, but so far, those efforts have been unsuccessful.

6. As such, the parties respectfully request that the Court vacate the current trial date. After defendant is found and arrested, the parties will request a new trial date from the Court that gives the parties a reasonable opportunity to secure the availability of witnesses for the yet-to-be-determined trial date.

7. As stated above, the time between the currently scheduled date and the new trial date set upon defendant's apprehension is excludable in computing the time within which the trial must start under the Speedy Trial Act due to defendant's absence.

**ORDER**

IT IS HEREBY ORDERED that the trial in *United States v. Emelio Vladimir Rochester*, 2:21-CR-293-CDS-NJK, previously scheduled for September 26, at 9:00 a.m. is VACATED.

Dated this 22nd day of September, 2022.

By: _____
JUDGE CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE